UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612 PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare *et al.* v. Unitedhealthcare Insurance Co. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Derek Davis | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**     Order DENYING Plaintiffs' motion to remand and GRANTING Defendant's motion to dismiss.

Before the Court is Plaintiffs Emsurgcare and Emergency Surgical Assistant's (collectively, "Plaintiffs") motion to remand this case to Los Angeles County Superior Court, *see generally* Dkt. # 16 ("*MTR*"), and Defendant Oxford Health Insurance Inc.'s ("Defendant") motion to dismiss. *See generally* Dkt. # 14 ("*MTD*"). Plaintiffs opposed the motion to dismiss. *See generally* Dkt. # 17 ("*MTD Opp.*"). Defendant opposed the motion to remand, *see* Dkt. # 18 ("*MTR Opp.*"), and Plaintiffs replied, *see* Dkt # 20 ("*MTR Reply*"). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7–15. Having considered the papers, the Court **DENIES** Plaintiffs' motion to remand, **GRANTS** Defendant's motion to dismiss, and **GRANTS** Plaintiffs' leave to amend.

I.     <u>Background</u>

Plaintiffs are California medical service providers. *First Amended Complaint*, Dkt. # 12 ("*FAC*"), ¶¶ 4–6. Plaintiffs allege that Defendant insured a patient, *id.* ¶ 10, who Plaintiffs provided emergency medical services to on May 7, 2021. *Id.* ¶ 26. For the emergency medical services provided, Plaintiff Emsurgcare billed Defendant $121,000, and Plaintiff Emergency Surgical Assistant billed Defendant $114,500. *Id.* ¶ 29. Plaintiffs claim that these charges reflect the "usual, reasonable, and customary rate" ("UCR") for Plaintiffs' services. *Id.* ¶ 22. Defendant, however, determined that Plaintiffs were entitled to $0.00, and refused to pay. *Id.* ¶¶ 29–30.

On April 11, 2024, Plaintiffs filed a complaint ("initial complaint") in the Los Angeles County Superior Court, bringing a cause of action for quantum meruit. *See generally* Dkt. # 1-1 ("*Compl.*"). Plaintiffs asserted that Defendant's refusal to pay the charges violates the Knox-Keene Act, Cal. Health & Safety Code §§ 1340, et seq., *id.* ¶ 32, and that Defendant owes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612 PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare *et al.* v. Unitedhealthcare Insurance Co. | | |

Plaintiffs for the "total UCR value" of their services. *Id.* ¶ 39. On June 3, 2024, Defendant removed the case to this Court, invoking both the Court's diversity jurisdiction and federal question jurisdiction. *See Notice of Removal*, Dkt. # 1 ("*NOR*"). Three days later Defendant moved to dismiss, Dkt. # 10, but Plaintiffs filed an amended complaint on June 19, 2024 asserting the same cause of action, *see generally FAC*, which mooted the motion to dismiss.

Plaintiffs now move to remand the case, asserting that this Court does not have diversity jurisdiction as the amount in controversy does not exceed $75,000. *See MTR* 10:7–19. And Defendant again moves to dismiss Plaintiffs' quantum meruit claim. *MTD* 2:27–28, 3:1–3.

II.     Legal Standard

   A.     Motion to Remand

A defendant may generally remove any case filed in state court over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). To remove a case based on diversity jurisdiction, the amount in controversy must exceed $75,000 and the parties must be citizens of different states. *Id.* §§ 1332, 1441. Complete diversity of citizenship is required such "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009). Moreover, the amount in controversy must exceed the sum or value of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). Where it is not clear from the face of the complaint whether $75,000 is in controversy, the removing party must show that it is "'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Because the removal statute is strictly construed, "a defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008).

   B.     Rule 12(b)(6)

To survive a 12(b)(6) motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp*, 550 U.S. at 555; *see Horosny v. Burlington Coat Factory, Inc.*, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612 PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare *et al.* v. Unitedhealthcare Insurance Co. | | |

In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cnty. of S.F.*, 788 F.3d 1206, 1210 (9th Cir. 2015); *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, a cause of action's elements that are "supported by mere conclusory statements, do not suffice." *Id.* Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

    C.    <u>Judicial Notice</u>

"Generally, the scope of review on a motion to dismiss . . . is limited to the contents of the complaint." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). Courts may also, however, consider "attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Under Federal Rule of Evidence 201, a court may take judicial notice of facts not subject to reasonable dispute because they (1) are generally known within the court's territorial jurisdiction, or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

III.    <u>Discussion</u>

    A.    <u>Plaintiffs' Motion to Remand</u>

While the parties agree that complete diversity exists, the parties dispute whether the amount in controversy is sufficient to invoke diversity jurisdiction. *See MTR* 10:7–19; *MTR Opp.* 2:13–21. Plaintiffs argue that the first page of the initial complaint[1] "categorically" states

---

[1] Contrary to Plaintiffs' argument, *see MTR* 10:7–19, the amount in controversy alleged in their first amended complaint is irrelevant because diversity jurisdiction must be established at the commencement of an action, and a court's jurisdiction may not be divested by subsequent events. *Freeport McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *Faysound Ltd. v. United Coconut Chemicals, Inc.*, 878 F.2d 290, 296 (9th Cir. 1989) ("Jurisdiction is to be determined as it exists at the time it was invoked."). Accordingly, the Court will look to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612 PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare *et al.* v. Unitedhealthcare Insurance Co. | | |

that the total damages are under $75,000 so the amount in controversy cannot be met and Defendant cannot meet its burden by relying on the billed amount "in the body of the complaint." *MTR Reply* 12:16–27; *MTR* 10:7–19.

The Court disagrees. "Plaintiffs' bald assertion on the cover page of the complaint does not establish that the amount in controversy is below $75,000 where the allegations themselves seek more than $75,000." *Emsurgcare v. UnitedHealthcare Ins. Co.*, No. 2:24-CV-03654-SB-E, 2024 WL 2892319, at *2 (C.D. Cal. June 7, 2024). Plaintiffs allege they were not compensated for the $121,000 and $114,500 charges it billed to Defendant. *Compl.* ¶¶ 29–30. While Plaintiffs attempt to distinguish these amounts as "billed charges" rather than damages sought, *MTR Reply* 12:27–13:6, Plaintiffs allegations confirm that the billed charges are their usual, reasonable, and customary fees. *Compl.* ¶ 22 (alleging that their "charges are usual, reasonable, and customary," their "fees are comparable to the prevailing providers rates for other surgeons in comparable geographic areas to the one in which the services are provided," and that they "charged [Defendant] the same fees it charges all other payors"). As Plaintiffs seek the "total UCR value" of its services, *Id.* ¶ 39, Defendant met its burden to establish that the amount in controversy exceeds $75,000. The Court finds that diversity jurisdiction existed when Defendant removed the case and, thus, **DENIES** Plaintiffs' motion to remand.

B.  Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiffs' quantum meruit claim arguing the Knox-Keene Act is not applicable, the claim is preempted by ERISA, and Plaintiffs fail to state a quantum meruit claim. *MTD* 2:27–3:3, 8:10–17.

"The Knox–Keene Act is a comprehensive system of licensing and regulation under the jurisdiction of the Department of Managed Health Care . . . [which] is intended to govern health care service plans and specialized health service plan contracts. *Keith Feder, M.D., Inc. v. Aetna Life Ins. Co.*, No. 2:23-CV-07026-JLS-JPR, 2024 WL 1641987, at *2 (C.D. Cal. Mar. 4, 2024) (citation and quotations omitted). Under the Act, a health care service plan is "[a]ny person who undertakes to arrange for the provision of health care services to subscribers or enrollees, or to pay for or to reimburse any part of the cost for those services, in return for a prepaid or periodic charge paid by or on behalf of the subscribers or enrollees." Cal. Health & Safety Code § 1345(f)(1). That definition, however, "shall not apply to . . . [a] person organized and operating pursuant to a certificate issued by the Insurance Commissioner unless the entity is directly

---

Plaintiffs' initial complaint to determine whether the amount in controversy requirement was satisfied when Defendant removed the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612 PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare *et al.* v. Unitedhealthcare Insurance Co. | | |

providing the health care service through those entity-owned or contracting health facilities and providers." *Id.* § 1343(e)(1).

Plaintiffs' quantum merit cause of action is premised on the duty to reimburse under § 1371.4 and the Knox Keene Act. *MTD Opp.* 2:2–5 ("California Health and Safety Codes § 1340 et seq. (the "Knox Keene Act") and § 1371.4 specifically set[] forth the rules and obligations of each party in a situation where emergency medical services are rendered by a medical provider to an insured patient."). The key issue here is whether Defendant falls under the Knox Keene Act by qualifying as a health service plan. *See MTD* 8:16–20.

Plaintiffs allege that Defendant "satisfies the definition" of a health care service plan, *FAC* ¶ 2, because Defendant "pays for the costs of services, in return for periodic payments," *MTD Opp.* 4:1–3; *FAC* ¶ 3. But this allegation alone, without any allegations describing Defendant's operations, does not provide a basis to infer that Defendant is a health care service plan. *See Keith Feder, M.D., Inc.* 2024 WL 1641987 at *3 (finding the "factual allegations in the [c]omplaint do not permit the inference that [Defendant] acts as a health care service plan because the "[c]omplaint includes no other facts about the nature or operation of [defendant], other than that [defendant] issues and underwrites policies or certificates of insurance and receives premium payments in return"). Further, Plaintiffs' allegation is contradicted by Defendant's evidence showing that Defendant does not qualify as a health service plan because it is not registered or licensed by California's Department of Managed Health. *RJN* 5:2–24[2]; *Sanjiv Goel M.D., Inc.*, 2021 WL 2139416 at *6 ("To qualify to operate in California, health care service plans must be licensed by the Department of Managed Health Care.").

As the Court need not "accept as true allegations that contradict . . . matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.

---

[2] Defendant seeks judicial notice of (1) the health benefits plan at issue in the complaint, *Request for Judicial Notice*, Dkt. # 15 ("RJN") 4:1–14, (2) the publicly-available website for the California Department of Health Care, *id.* 5:9–24, and (3) a declaration from the California Department of Health confirming and explaining the results of its publicly available website, *id.* 5:2–14. The Court grants Defendant's request for judicial notice. as Plaintiffs amended complaint incorporates by reference the patient's health benefits plan with Defendant, and the government's website and accompanying declaration are proper subject of judicial notice. *See Sanjiv Goel M.D., Inc. v. Aetha Health of California, Inc.*, No. LA CV20-09706 JAK (Ex), 2021 WL 2139416, at *2 (C.D. Cal. May 26, 2021); *Talbot v. Pyure Brands LLC Welfare Benefit Plan*, No. 2:23-CV-06137-SB-PVC, 2024 WL 242468, at *2 (C.D. Cal. Jan. 4, 2024).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-04612  PSG (SSCx) | Date | August 8, 2024 |
|---|---|---|---|
| Title | Emsurgcare  *et al.* v. Unitedhealthcare Insurance Co. | | |

2010), Plaintiffs do not sufficiently allege that Defendant is a "health care service plan" within the meaning of the Knox-Keene Act.  Because Plaintiffs' quantum meruit claim depends on the allegation that Defendant is subject to the requirements of the Knox-Keene Act, Plaintiffs fail to state a plausible claim.[3]  Accordingly, the Court **DISMISSES** Plaintiff's quantum merit claim.

    C.    Leave to Amend

Whether to grant leave to amend rests in the sound discretion of the trial court.  *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  The Court considers whether leave to amend would cause undue delay or prejudice to the opposing party, and whether granting leave to amend would be futile.  *See Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).  Generally, dismissal without leave to amend is improper "unless it is clear that the complaint could not be saved by any amendment." *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

The principal defects of Plaintiffs' quantum meruit action is that action is that Plaintiffs failed to clearly or adequately plead their cause of action, which *could* be cured by amendment. Therefore, the Court **GRANTS** Plaintiffs leave to amend their complaint.

IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to remand, **GRANTS** Defendant's motion to dismiss Plaintiffs' quantum meruit action, and **GRANTS** leave to amend.  Any amended complaint must be filed no later than **September 13, 2024**.  Failure to file an amended complaint by that date will result in dismissal of Plaintiffs' claims with prejudice.

    **IT IS SO ORDERED**

---

[3] The Court need not address Defendant's additional arguments as Plaintiffs' defenses to Defendant's arguments are based on its claim that the emergency medical services provided by Plaintiffs were covered by the Knox Keene Act.  *See MTD Opp.* 8:17–23, 10: *see also Sanjiv Goel M.D., Inc.*, 2021 WL 2139416 at *6–7.